UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KEITH APPLING,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>RIVERSIDE COUNTY,<br><br>　　　Defendant. | CASE NO. 5:15-CV-01417-DSF (JCG)<br><br>**PROTECTIVE ORDER FOR DOCUMENTS SUBMITTED TO AND USED BY SPECIAL MASTERS**<br><br>Trial Date:　None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The Court has reviewed the stipulation for protective order by the parties. Good cause appearing, the Court hereby enters a protective order and orders as follows:

A. Graphics that Defendant reasonably believes in good faith are confidential and/or proprietary, and qualify for protection under Federal Rule of Civil Procedure 26(c), may be designated as such at the time of production ("Confidential Graphics"). Defendant must take care to limit any such designation to specific material that qualifies under the appropriate standards. Defendant must designate for protection only

those parts of the Graphics that qualifies as confidential so that other portions of Graphics for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions. The copies of any Confidential Graphics disclosed pursuant to this Protective Order must be distinctively marked, and such marking must not obscure or obliterate the content of the Graphics, with substantially the following language: "CONFIDENTIAL – UNLAWFUL TO DUPLICATE."

B. Thereafter, the Special Masters shall not convey, transfer, publish, distribute, copy, duplicate or disseminate the Confidential Graphics so provided except as may be reasonably necessary for drafting their reports pursuant to the PROTOCOL.

C. No Confidential Graphics are to be shared, shown or discussed with the plaintiffs themselves or any other convicted felons.

D. Unless the Court orders otherwise, Confidential Graphics may be disclosed to the Special Masters; one designated assistant for each Special Master that is made known to the parties; counsel of record; paralegal, attorney, stenographic, clerical and secretarial personnel employed by counsel of record; and court personnel.

E. All Confidential Graphics may be released to additional individuals aside from those described in Paragraph D above upon written agreement by the parties and/or by order of the Court.

F. The parties may not publicly file any Confidential Graphics in the

Special Masters Reports submitted to the Court and Plaintiffs. Any such Confidential Graphics included in the Special Masters Reports must be redacted in the public report as filed, and the unredacted reports will be filed under seal. Only the Confidential Graphics in the Special Masters Report shall be redacted.

G. Confidential Graphics may be publicly filed in unredacted form in the Special Masters Reports only upon written agreement by the parties and further Order of this Court.

H. Confidential Graphics shall be redacted from copies of the reports by the Special Masters that are made available to the general public. Only the Confidential Graphics in the Special Masters Report shall be redacted. The counsel for plaintiffs shall receive unredacted copies of the reports.

I. The Confidential Graphics produced pursuant to this Protective Order may not be used for any purpose other than preparation of the Special Masters' Reports.

J. Prior to the dissemination of any Confidential Graphics to the Special Masters pursuant to this Protective Order, counsel for Defendant shall inform the Special Masters of the terms and conditions of this Protective Order and secure each Special Master's written, faxed, or emailed agreement to be bound by it. The written agreement will be produced to counsel for the Plaintiff.

K. The Special Masters shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Graphics.

L. If any Confidential Graphics provided pursuant to this Protective Order are used in any other matter or document filed with this Court other than the Special Masters Reports, the party and/or Special Master intending to use such information or document shall file an application

to have it filed under seal pursuant to Local Rule 79-5, including filing a public redacted version of the document concurrently.

M. The Special Masters or counsel for Plaintiff may assert that particular Graphics designated as confidential are in fact, public knowledge or otherwise not subject to protection hereunder. Such assertion, if made, shall be discussed in a good faith meet and confer between counsel for the parties and, if agreement cannot be reached, the matter will be submitted to the Court for resolution in a motion pursuant to Local Rule 37, and until resolved by the Court shall remain protected as confidential information hereunder. The burden of demonstrating that documents should be protected by this Protective Order shall remain at all times on the designating party.

N. All Confidential Graphics subject to this Protective Order that are submitted to the Special Masters shall remain confidential.

O. The inadvertent or unintentional disclosure of Confidential Graphics by the disclosing party shall not be construed to be a waiver, in whole or in part of the disclosing party's claims of confidentiality either as to the specific documents or as to any other information relating thereto.

P. In the event anyone, including but not limited to the Special Masters, shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may apply to obtain injunctive relief and monetary sanctions against any such person violating or threatening to violate any of the terms of this Protective Order. This Court shall have the power to impose whatever penalties it deems appropriate for the violation of said Order, including, but not limited to, monetary and judicial sanctions and contempt.

Q. The provisions of this Protective Order shall survive and remain in full force and effect after the PROTOCOL terminates after re-inspection of

Robert Presley Detention Center and Southwest Detention Center 12 months after the Special Masters submit their initial reports.

R. Upon final conclusion of the PROTOCOL, all copies of Confidential Graphics subject to this Protective Order shall be returned to counsel for Defendant. This provision does not apply to copies of unredacted reports of the Special Masters in the possession of counsel to the parties and Special Masters.

S. The agreement of the parties and the Special Masters embodied in this Protective Order does not constitute an admission or agreement that any particular documents or information is subject to discovery, or admissible as evidence, in this case. Designation of any Graphic subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

T. All documents, information, or Graphics provided by Defendant to the Special Masters must also be provided to counsel for Plaintiff. Counsel for Plaintiff shall comply this Protective Order.

U. This Court retains jurisdiction to construe, enforce and amend the provisions of this Protective Order. This Protective Order may not be modified absent further action by the Court.

DATED: May 10, 2017

Hon. Jay C. Gandhi
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

## CONSENT OF SPECIAL MASTERS

If Ordered by this Court, I agree to be bound by the terms of the Protective Order as issued. The terms have been explained to me by counsel for the County of Riverside.

DATED: May ___, 2017

_____
William Broz, P.E.
SPECIAL MASTER 1

DATED: May ___, 2017

_____
Joe Gunja
SPECIAL MASTER 2